IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 20 C 3767 |
| LAD LOGISTICS, INC., ZHEN FENG LI, and LI CHEN, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

National Liability & Fire Insurance Co. has filed a declaratory judgment action against its insured, LAD Logistics, Inc.; Zhen Feng Lin, allegedly an employee of LAD; and Li Chen, Lin's wife. It is not clear to the Court whether the second named defendant's surname is Zhen or Lin and whether the third named defendant's surname is Li or Chen. However, their attorney refers to them as "Lin" and "Chen," so the Court will do the same.

The suit arises from a claim made by Lin and Chen on an insurance policy issued by National Liability to LAD, relating to a May 2017 collision between a vehicle driven by Lin and one driven by Katherine Chickey, a non-party. Lin suffered serious injuries, allegedly due to Chickey's negligence. Lin and Chen sued Chickey in state court, with Chen claiming loss of consortium. They obtained settlements from Chickey's insurer and other defendants named in that case, but these allegedly were not enough to cover the full amount of their damages. Lin also made a workers' compensation claim, on

which he obtained a settlement, again allegedly not enough to cover the full amount of his damages. Lin and Chen also asserted a claim on the underinsured motorist coverage in an insurance policy issued by a Hartford Accident and Indemnity Co. insurer to Lin's employer, Win Win Seafood Wholesale, LLC. In that claim, Lin asserted that at the time of the collision, he was making a delivery for Win Win, the registered owner of the vehicle he was driving. Lin and Chen believe, however, that the coverage available under the Hartford policy issued to Win Win is insufficient to cover their damages even when combined with the amounts obtained via the earlier settlements.

In asserting a claim under the National Liability policy issued to LAD, Lin and Chen asserted that Lin was driving for both Win Win and LAD at the time of the collision. Their claim under the National Liability policy is similar to their claim under the Hartford Accident policy—specifically, it is a claim based on the underinsured motorist coverage under the National Liability policy.

National Liability filed the present declaratory judgment action following Lin and Chen's assertion of their claim on the policy that National Liability issued to LAD. National Liability alleges that the policy does not afford coverage to Lin and Chen for their injuries resulting from the collision. Lin and Chen have asserted a counterclaim that includes five counts. In count 1, they seek a declaratory judgment that there is coverage under the insurance policy on the theory that Lin was driving was a "temporary substitute auto" or a "newly acquired auto" for LAD. In count 2, a breach of contract claim, they seek to recover $750,000, the limit of coverage under the underinsured motorist term of the insurance policy; they allege that National Liability has failed to pay despite the fact that it is liable. Count 3 is a claim under 215 ILCS 5/155

2

for vexatious refusal to pay or vexatious delay in paying. Count 4 is a claim under the Illinois Consumer Fraud Act for allegedly unfair or deceptive practices in refusing to pay Lin and Chen's claim. Count 5 is a claim for prejudgment interest.

National Liability has moved to dismiss each of the counts of Lin and Chen's counterclaim for failure to state a claim upon which relief may be granted. In considering the motion, the Court takes the counterclaim's factual allegations as true and assesses whether Lin and Chen have alleged enough facts to state plausible claims for relief. *See, e.g., O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 342 (7th Cir. 2018).

    1.    The Court dismisses Count 1 because it is a duplicative mirror image of National Liability's declaratory judgment claim. *See, e.g., Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985). Lin and Chen contend that their counterclaim is based on the "temporary substitute auto" and "newly acquired auto" points and that these are not covered by National Liability's claim. That's false; National Liability specifically alleges those points in its complaint. *See* Compl. ¶¶ 31-32. There is nothing in the counterclaim—which seeks a declaration of coverage—that will not be addressed in adjudicating National Liability's claim—which seeks a declaration of non-coverage.

    2.    The Court declines to dismiss Count 2, because—contrary to National Liability's somewhat mystifying argument—the counterclaim adequately alleges that Lin and Chen qualify as insureds under the National Liability policy. Specifically, they quote the policy, which in the case of a corporate insured like LAD defines covered "insureds" as including anyone occupying a covered auto owned by LAD or a temporary substitute

3

or a replacement for a covered auto, plus anyone entitled to recover damages sustained by another insured. Lin and Chen further allege in their counterclaim that Lin was occupying a covered auto or a temporary substitute for one; they suffered injuries covered by the insurance policy; they complied with any conditions precedent in the policy; and National Liability has failed to pay them the amounts due under the policy. This is all that is needed to state a claim for breach of contract.

National Liability argues that the claim is "premature" because there first has to be "a ruling by this Court that Defendants in fact qualify as insureds under the Policy." Pl.'s Mot. to Dismiss at 7; *see also* Pl.'s Reply at 5. That's ridiculous and borderline frivolous. There is no law, and National Liability cites none, supporting the proposition that a party claiming breach of contract has to get some sort of advance Court ruling that it qualifies to file a lawsuit. Indeed any such requirement would be effectively self-defeating, or circular: the opposing party would always be able to claim that, in effect, the suing party cannot get through the courthouse door because it has not already gotten through the courthouse door.

3.   Count 3, Lin and Chen's section 155 claim, also is sufficient to state a claim. They squarely allege that National Liability denied their claim on the policy essentially by rote, without conducting any investigation at all (among other alleged wrongdoing). *See* Counterclaim ¶ 55A. When National Liability argues in its reply that such an allegation, referenced by Lin and Chen in their response to the motion to dismiss, is not found in the counterclaim, it must be looking at some different version of the counterclaim than the one the Court has, which is the one filed on the docket. It's right there, in paragraph 55A, and it is alleged with sufficient factual detail to set out a

4

plausible claim. The Court has no idea whether Lin and Chen will be able to prove what they allege, but their allegations are sufficient.

4. Count 4, Lin and Chen's claim under the Consumer Fraud Act, is not actionable under the Act and is also preempted by section 155, because it alleges nothing beyond than wrongful refusal to pay or delay in paying. *See Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (2005); *Cook v. AAA Life Ins. Co.*, 2014 IL App (1st) 123700, ¶ 31, 13 N.E.3d 20, 33. The Court dismisses this claim.

5. Count 5 simply asserts a right to prejudgment interest. This is not a separate cause of action and thus is not properly asserted as a separate claim. The request for interest is properly asserted as part of the relief sought on the breach of contract claim, not as a separate claim for relief. The Court dismisses Count 5.

## Conclusion

For the reasons stated above, the Court dismisses Counts 1, 4, and 5 of the defendants' counterclaim but otherwise plaintiff's motion to dismiss [dkt. no. 24]. Defendants are directed to answer the remaining claims by no later than February 24, 2021. At the next status hearing, which will be held on or before February 24, the Court will address defendant LAD Logistics, Inc.'s motion for leave to amend its answer and will reset the deadlines for completing discovery.

Date: February 10, 2021

 _____
 MATTHEW F. KENNELLY
 United States District Judge