IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 20 C 3767 |
| LAD LOGISTICS, INC., ZHEN FENG LIN, and LI CHEN, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

National Liability and Fire Insurance Co. (National Liability) has filed suit against Zhen Feng Lin and his wife, Li Chen,[1] seeking a declaratory judgment regarding the extent of its liability to the couple under a liability insurance policy that National Liability issued to Lin's employer LAD Logistics, Inc. (LAD). Lin and Chen's claim relates to a May 2017 traffic collision in which Lin was seriously injured while driving a truck owned by his other employer, Win Win Seafood Wholesale, LLC (Win Seafood). Lin and Chen sued Katherine Chickey—the underinsured non-party who was legally responsible for the collision—in state court and obtained a $100,000 settlement from Chickey's insurer. Lin also made a workers' compensation claim against Win Seafood, on which he obtained a $301,259.90 settlement. Finally, Lin and Chen asserted a claim for underinsured motorist coverage (UIM) under an insurance policy issued by Win

---

[1] Defendants' counsel refers to the defendants as Lin and Chen, so the Court will do the same.

Seafood's insurer, Hartford Accident and Indemnity Co, for which they received $672,060.82.

The claim Lin and Chen assert under the National Liability policy is similar to their claim under the Hartford Accident policy in that it is based on the UIM coverage provision of LAD's policy with National Liability. National Liability alleges that the policy does not afford coverage to Lin and Chen for their injuries resulting from the collision. Lin and Chen have asserted a counterclaim, two counts of which survived National Liability's motion to dismiss. In count 2, a breach of contract claim, Lin and Chen seek to recover $750,000, the limit of coverage under the UIM coverage term of the insurance policy; they allege that National Liability has failed to pay despite the fact that it is liable. Count 3 of Lin and Chen's counterclaim is a claim under 215 ILCS 5/155 for vexatious refusal to pay or vexatious delay in paying.

National Liability has moved for this Court to enter summary judgment in its favor on count 1 of its complaint and on counts 2 and 3 of Lin and Chen's counterclaim. Lin and Chen have filed a cross motion for summary judgment on counts 2 and 3 of their counterclaim. For the reasons set forth below, the Court grants National Liability's motion for summary judgment and denies Lin and Chen's motion.

**Background**

In May 2017, Lin worked as a truck driver for two food retailers, Win Seafood and LAD. Both companies operate the trucking aspect of their businesses out of the same location, 7131 W. 61st Street, Chicago. At the time of the accident, Lin was driving a truck from his final delivery to a restaurant in Fort Wayne, Indiana and returning to 7131 W. 61st Street. It is undisputed that the truck Lin was driving was a 2011 Hino truck

(VIN No. 5PVNJ8JT7B4S53094) co-owned by Win Seafood and its owner, Gordon Zheng, and insured by Hartford Accident. The parties' dispute concerns whether the Win Seafood truck is a "covered auto" under LAD's policy with National Liability and whether Lin can qualify as "an insured" under the UIM coverage portion of that policy.

The UIM coverage provided by National Liability's insurance policy is attached to the policy as an "endorsement." The limit of that coverage is $750,000 per accident. *See* Pl.'s Ex. A, (insurance policy), Form HA 00 25 06 15 at 4. The UIM Endorsement provides coverage only for bodily injuries sustained by an "insured" caused by the owner or driver of an underinsured motor vehicle. Because LAD is a corporation, only the following individuals qualify as an "insured":

  a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

  b. Anyone else "occupying" an "auto" [LAD] do[es] not own who is an "insured" for Covered Autos Liability Coverage under the Coverage Form, but only at times when that person is an "insured" for Covered Autos Liability Coverage under the Coverage Form.

  c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

Id. at 50-51. Subsection (c) is inapplicable here, and whether Lin qualifies as an insured under subsection (a) is disputed because National contends that the Win Seafood was not a temporary substitute auto for one of its covered autos.

Regarding subsection (b), persons who qualify as an "insured" for Covered Autos Liability Coverage include LAD "for any covered 'auto'" or '[a]nyone else while using with [LAD's] permission a covered 'auto'" [LAD] owns, hires, or borrows." Autos that are deemed "covered 'autos'" under the policy's Liability Coverage include: (1) autos that

3

are listed on the Schedule of Covered Autos; (2) an auto that LAD acquires after the policy begins, but only if (i) National Liability already covers all autos owned by LAD or t replaces an auto LAD previously owned that had that coverage; and (ii) LAD tells National within 30 days after it acquires the auto that it wants National to cover it; and (3) any auto that is not owned by LAD "while used with the permission of its owner as a temporary substitute for a covered 'auto' [LAD] owns that is out of service . . . ." *Id*. at 37.

      Because it is undisputed that the truck here was not listed on the Schedule of Covered Autos and was not newly acquired by LAD after the policy period started, the only relevant provision under which the truck would be covered is section C.3, which covers temporary substitute autos. Thus, a showing that the Win Seafood truck was being used as a temporary substitute auto for a covered, out-of-service LAD truck is the only avenue that would allow Lin and Chen to be considered covered—whether as "insureds" or as "insureds" operating a "covered auto."

      Lin and Chen contend that at the time of the accident, Lin was making deliveries for, and therefore working on behalf of, both Win Seafood *and* LAD even though the truck was a Win Seafood truck. Lin contends that he was using a Win Seafood truck as a substitute for LAD deliveries because at least one of LAD's trucks was out of service and that it was common for the two companies to use their trucks interchangeably. National Liability disputes this and maintains that LAD had nothing to do with the accident, the truck, or the deliveries being made on that day. It has offered evidence that on May 24, 2017, Lin was driving only on behalf of Win Seafood, in a Win Seafood truck, making deliveries of exclusively Win Seafood products, and that he was not paid

4

for any work done on behalf of LAD for that day. The parties also dispute and have provided contrary evidence for Lin and Chen's contention that, in keeping with the alleged practice, the truck was being used as a temporary substitute for a covered LAD vehicle that was out of service.

## Discussion

Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Martinsville Corral, Inc. v. Soc'y Ins.*, 910 F.3d 996, 998 (7th Cir. 2018). The Court views the evidence and draws all reasonable inferences in the nonmoving party's favor. *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019). If the nonmoving party fails to establish the existence of an element essential to its case on which it would bear the burden of proof at trial, summary judgment must be granted to the moving party. *Id.*

The primary issues on the parties' cross motions for summary judgment involve the interpretation of the terms of an insurance policy. Construction of an insurance policy is typically a question of law appropriately decided on summary judgment. *Twenhafel v. State Auto Prop. & Cas. Ins. Co.*, 581 F.3d 625, 628 (7th Cir. 2009).

An insurance policy is a contract, and the rules governing interpretation of contracts govern the interpretation of insurance policies. *Clarendon Nat'l Ins. Co. v. Medina*, 645 F.3d 928, 933 (7th Cir. 2011). In particular, if the terms of an insurance policy are clear and unambiguous, a court gives those terms their plain meaning and applies the policy as it is written. *Berrey v. Travelers Indem. Co. of Am.*, 770 F.3d 591, 595 (7th Cir. 2014); *Medina*, 645 F.3d at 933. If, on the other hand, a policy term that limits an insurer's liability is ambiguous—in other words, susceptible of more than one

5

reasonable interpretation—the term is liberally construed in favor of coverage. *Medina*, 645 F.3d at 933.

1. **Declaratory judgment claim**

    a. **Policy terms**

    Lin and Chen contend that they qualify as insureds under the policy, which in the case of a corporate insured like LAD defines covered "insureds" as including anyone occupying a covered auto owned by LAD or a temporary substitute or a replacement for a covered auto. Lin and Chen further contend that National Liability cannot show that Lin was *not* occupying a temporary substitute for one of LAD's covered autos. But it is well settled that the insured has the burden of proving that a claim falls within the coverage of a policy. *Travelers Personal Ins. Co. v. Edwards*, 2016 IL 141595, ¶ 22, 48 N.E.3d 298, 303; *see also Sherrod v. Esurance Ins. Servs., Inc.*, 2016 IL 150083, ¶ 15, 65 N.E.3d 471, 475. Lin and Chen have erroneously attempted to shift the burden to National Liability to prove a negative.

    Lin and Chen contend that the truck driven by Lin must have been a temporary substitute because LAD "did not know which trucks were out of service" in May of 2017 and "no records existed." Dkt. 120 at 8. First, it's inaccurate to say that LAD has no knowledge or records about which of its vehicles was out of service at the time, or that any lack of documentation would inevitably prove that the Win Seafood truck was a substitute. National Liability has offered evidence in the form of auto shop receipts and admissions that show: (1) which vehicles were out of service from March 1, 2017 to May 31, 2017; and (2) that any of the LAD trucks that needed service received that service prior to May 24, 2017. National Liability also offered deposition testimony and

6

admissions to the effect that the truck was not a substitute for an out-of-service LAD truck because whenever one of its trucks was out of service, LAD only used trucks rented from national rental companies, not spare Win Seafood trucks.

Second, even if National Liability has offered no records relating to LAD's out-of-service vehicles, that would not be dispositive. As indicated, it is Lin and Chen's burden to offer evidence that would permit a reasonable factfinder to determine that there was coverage. *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009) ("the nonmoving party must point to specific facts showing that there is a genuine issue for trial; inferences relying on mere speculation or conjecture will not suffice."). As the parties with the burden of persuasion on coverage, Lin and Chen cannot merely point to the absence of evidence; they have to offer evidence that would permit a finding that a particular auto on the policy was out of service on May 24, 2017 and that LAD was using the Win Seafood truck as a temporary substitute for that covered auto. *See State Farm Mut. Auto. Ins. Co. v. Osborne*, 2020 IL App (5th) 190060, ¶ 31, 148 N.E.3d 84, 92 (absent evidence that a covered vehicle is "out of service," the insurer is not obligated to provide coverage because it would be assuming the risk of two vehicles for one premium). Other temporary substitute cases have held that the insured was required to offer specific evidence that the covered vehicle was actually withdrawn from any use, not just that it was "out of service." *Id.* ¶ 32-35, 148 N.E.3d at 92; *see also*, *Prudence Mut. Cas. Co. v. Sturms*, 37 Ill. App. 2d 304, 307, 185 N.E.2d 366, 366 (1962); *Atkinson v. State Farm Mut. Auto. Ins. Co.*, 18 Ohio App. 3d 59, 480 N.E.2d 819, 821 (1984); *Erickson v. Genisot*, 322 Mich. 303, 353, 33 N.W.2d 803, 803 (1948).

Lin and Chen have failed to offer evidence that would permit a reasonable

factfinder to determine that the Win Seafood truck was being used as a temporary substitute for a covered LAD truck, let alone that the LAD truck supposedly being substituted was actually withdrawn from use. Moreover, the unambiguous language of National Liability's policy indicates an intent to extend coverage in this situation only to an LAD covered vehicle or a temporary substitute, not to both at the same time. Because Lin and Chen have not offered evidence that indicates the existence of genuine factual dispute regarding whether the truck Lin was driving was, at the time, a substitute for a covered LAD vehicle within the meaning of the National Liability policy, they have not met their burden for purposes of summary judgment.

Lin and Chin also contend that "coverage would also exist if Lin was driving a 'borrowed' auto." Dkt. 118 at 7. But National Liability is correct that the operative clause of the policy states that an "insured" includes "[a]nyone else while using with [LAD's] permission a *covered* 'auto' [LAD] owns, hires, or borrows." Pl.'s Ex. A at 37 (emphasis added). Borrowing of the Win Seafood truck is an avenue to coverage only if that truck itself is covered, which it was not.

Finally, Lin and Chen contend that Lin qualifies as an insured under the policy because he was listed as a driver on the policy. They do not, however, cite to any page or provision in the policy—presumably because Lin's name does not appear anywhere in the policy. Instead, they cite to portions of deposition testimony by the following three persons: National Liability's claim examiner, Kelsey Downes, Pl.'s Ex. B, Downes Dep, p. 68:5-17; National Liability's underwriter, Josh Stubbendick, Pl.'s Ex. C, Stubbendick Dep, p. 11:7-12:21; and Ming Ngai, the person responsible for obtaining insurance for LAD, Pl.'s Ex. D, Ngai Dep, p. 77:5-22. But the cited testimony does not support Lin

8

and Chen's contention. Downes testified that her understanding was that Lin was a driver for LAD and was not driving a covered auto. Stubbendick and Ngai's testimony indicates only that Lin's name was provided on a list of drivers submitted in its application for insurance. In other words, his name was included for underwriting purposes, which does not make him a named insured under the policy. And even if Lin is listed somewhere in the policy itself, the Court finds the caselaw cited in National Liability's brief distinguishing a listed driver from an "insured" persuasive. Dkt. 128 at 5-6. For these reasons, Lin does not fall within the policy's definition of an insured.

In sum, the Court concludes that Lin and Chen are not entitled to coverage under LAD's National Liability policy because Lin does not qualify as an insured and was not occupying a covered auto at the time of the accident.

### b. Anti-stacking and setoff provisions

Because the Court finds that Lin and Chen are not entitled to UIM coverage under LAD's policy with National Liability, it need not address the parties' arguments regarding the policy's anti-stacking and set off provisions.

### c. Elliot Flood's opinion

National Liability asks the Court to strike all of Lin and Chen's statements of fact[2] that rely on the opinions of their insurance expert, Elliot Flood, on the ground that they amount to impermissible legal conclusions that are outcome-determinative. The Court need not address this motion because even after considering the portions of Flood's opinion at issue, the Court finds that National Liability is entitled to summary judgment. As previously discussed, the primary issues on the parties' cross motions for summary

---

[2] Dkt. 117, ¶¶ 4, 31-34, 36-38, 40, and Dkt. 121, ¶¶ 13, 27-30, 33-34.

judgment involve the interpretation of the terms of an insurance policy, which is a question of law. *Twenhafel*, 581 F.3d at 628. The rules governing interpretation of insurance policies are well settled, and there are no ambiguities in this policy for Flood to opine about. In short, his opinions are not probative on the legal questions at hand. Thus, even if the Court were to deny the National Liability's motion to strike Flood's opinions and take them into consideration, National Liability still would be entitled to summary judgment. National Liability's motion to strike is therefore denied as moot.

**2.     Section 155 claim**

Lin and Chen contend that National Liability denied their claim on the policy without conducting a thorough investigation, in violation of section 155 of the Illinois Insurance Code. Section 155 states in relevant part:

> In any action by or against a company wherein there is in issue [1] the liability of a company under a policy or policies of insurance or [2] the amount of the loss payable thereunder, or [3] for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees [and] other costs.

215 Ill. Comp. Stat. 5/155 (2020). An insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage, *Green v. Int'l Ins. Co.*, 238 Ill. App. 3d 929, 935, 605 N.E.2d 1125, 1129 (1992); (2) the insurer asserts a legitimate policy defense, *Cummings Foods, Inc. v. Great Central Ins. Co.*, 108 Ill. App. 3d 250, 259, 439 N.E.2d 37, 44 (1982); (3) the claim presents a genuine legal or factual issue regarding coverage, *Lazzara v. Esser*, 622 F. Supp. 382, 386 (N.D. Ill. 1985); or (4) the insurer takes a reasonable legal position on an unsettled issue of law. *Martz v. Union Labor Life Ins. Co.*, 573 F. Supp. 580, 586 (N.D. Ill. 1983), *rev'd on other grounds*, 757 F.2d 135

(1985). See also, *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000).

National Liability's conduct vis-à-vis Lin and Chen's claim was neither vexatious nor unreasonable. Lin and Chen make several contentions regarding the insufficiency of claim examiner Downes's investigation, including evidence they contend Downes purposely overlooked or steps they think she should have taken. For example, Lin and Chen contend that Downes never made an effort to speak to anyone at LAD despite reviewing the pleadings in the Hartford matter that suggest Lin may have been working for LAD on the day of the accident. They also contend that Downes had a file in her possession from BerkleyNet, LAD's worker's compensation provider, that contained additional information suggesting that Lin was working for LAD when the accident occurred. National Liability disputes both points and contends that Downes did make several attempts to contact LAD. National Liability also correctly points out that assuming Lin was working within the scope of his employment with LAD at the time of the accident, that is not determinative of coverage because he was not occupying a covered auto or a temporary substitute for a covered auto, nor did he qualify as an insured.

Even if Lin and Chen are correct about National Liability's investigation, these shortcomings would not amount to vexatious or unreasonable action that would render National Liability liable under section 155. As addressed earlier, National Liability genuinely disputed coverage in this matter. Because of this bona fide dispute, National Liability asserted a legitimate defense to coverage, which the Court has now resolved in the insurer's favor. In addition, National Liability began its investigation promptly upon

being notified of the claim approximately three years after the accident occurred. For these reasons, as a matter of law, National Liability's conduct was neither vexatious nor unreasonable.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for summary judgment [103] and denies the defendants' cross motion [122] and concludes that neither Lin nor Chen are entitled to UIM coverage under LAD's policy with National Liability. The Clerk is directed to enter judgment in favor of plaintiff National Liability & Fire Insurance Company and against defendants LAD Logistics, Inc., Zhen Feng Lin, and Li Chen on all claims and counterclaims and declaring that there is no coverage under the National Liability insurance policy issued to LAD Logistics for the May 2017 collision involving Zhen Feng Lin.

Date: January 3, 2023

_____
MATTHEW F. KENNELLY
United States District Judge